# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLARENCE PHILPOTT,**

      **Plaintiff,**

**v.**                                                **Case No: 6:18-cv-1798-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION[1]

Clarence Philpott ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. Doc. No. 1. Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be remanded for further administrative proceedings. Doc. No. 16, at 19, 29, 38. The Commissioner argues that the decision of the Administrative Law Judge ("the ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 38. For the reasons stated herein, the Commissioner's final decision is **REVERSED and REMANDED** for further administrative proceedings.

**I.    PROCEDURAL HISTORY.**

On March 4, 2016, Claimant filed an application for disability insurance benefits, alleging a disability onset date of March 1, 2014. R. 218–19. Claimant's application was denied initially and on reconsideration, and he requested a hearing before an ALJ. R. 125–28, 129–33, 135. A

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 10, 13–15.

hearing was held before the ALJ on April 11, 2018, at which Claimant was represented by an attorney. R. 59–92. Claimant and a vocational expert ("VE") testified at the hearing. *Id.* After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled from his alleged disability onset date through the date of the decision. R. 40–52. Claimant sought review of the ALJ's decision by the Appeals Council. On August 24, 2018, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II. THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). R. 40–52.[3] The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2019. R. 42. The ALJ concluded that Claimant had not engaged in substantial gainful activity since March 1, 2014, the alleged disability onset date. *Id.* The ALJ found that Claimant suffered from the following severe impairments: lumbar degenerative disc disease, left leg impairment, obesity, posttraumatic stress disorder (PTSD), depression, affective disorder, and anxiety disorder. *Id.* The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 42–45.

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 16. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform a limited range of light work as defined in the Social Security regulations[4]; with the following limitations:

> The hypothetical individual has a residual functional capacity to perform light work, unskilled. He can occasionally stoop, knee, [sic] crouch or crawl; can never climb ladders, ropes or scaffolds; can occasionally climb ramps or stairs; and he should avoid exposure to hazards such as heights or machinery with moving parts. No production pace work. Occasional changes in routine work place setting. Occasional contact with co-workers, supervisors and the general public. The hypothetical individual is likely to be off tasks 10% of the work period.

R. 45.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was unable to perform any past relevant work, which included work classified as combat rifle crew member or sales person parts. R. 50. Nonetheless, considering Claimant's age, education, work experience, and RFC, the ALJ concluded that there were jobs existing in significant numbers in the national economy that he could perform, including sorter of agriculture produce; router; and marker. R. 50–51. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of the decision. R. 51.

## III. STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to

---

[4] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the Joint Memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the ALJ failed to give an adequate explanation for rejecting a disability rating issued to Claimant by the United States Department of Veteran's Affairs ("VA"); and (2) the ALJ failed to give a sufficient explanation for rejecting the opinion of Latha Babuji, ARNP. Doc. No. 16. These issues will be addressed in turn.

A.   <u>VA Disability Rating</u>.

In 2017, the VA assessed Claimant with the following rated disabilities:

- PTSD: 70%

- Knee Condition: 20%

- Lumbosacral or Cervical Strain: 10%

- Limited Motion of Ankle: 10%

- Limited Flexion of Knee: 10%

R. 1232, 1236. Claimant's combined VA disability rating is 80%, but he is paid at the 100% disability rate due to due to a finding of "individual unemployability." R. 1232.

In the decision, the ALJ stated as follows as it relates to the VA disability ratings:

> I considered the VA's disability findings and give[] it little weight, noting that there is no indication that the VA reviewed all medical records reviewed by the undersigned or used a vocational expert. More importantly, different disability programs have different requirements, thus the Social Security Administration is not bound by the VA rating system.

R. 49–50. Elsewhere in the decision, the ALJ found that although the Claimant was assessed the 20% disability rating for the knee condition; 10% for lumbosacral or cervical strain; and 10% for limited flexion of the knee, the "objective evidence is limited for treatments," and "notes reflect the claimant's ambulation was unaided." R. 46–47.

The Social Security Administrative ("SSA") regulations provide that a decision by any nongovernmental or governmental agency, such as the VA, concerning whether a claimant is disabled, based on that agency's own rules, is not binding on the SSA. 20 C.F.R. § 404.1504.[5] Nonetheless, in this Circuit, a disability rating from the VA is "evidence that should be given great

---

[5] The regulation applicable to Claimant's application for disability insurance benefits provides that "a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. § 404.1504 (effective through March 27, 2017). For applications filed on or after March 27, 2017, the regulation now states "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim . . . ." 20 C.F.R. § 404.1504 (effective on March 27, 2017).

weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984). "'Great weight' does not mean controlling, but 'the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination . . . .'" *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018) (citing *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016)).

An ALJ may not summarily reject a VA disability rating solely because it is non-binding on the SSA and relies on different criteria than the SSA. *Id.* (citing *Brown-Gaudet-Evans*, 673 F. App'x at 904 ("It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it 'little weight.'")). "A justified assignment of little weight to a VA disability rating, therefore, outlines and explains what medical conditions the VA assessed and how they differ from the claimed SSA disability." *Id.* at 1347 (citing *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779–80 (11th Cir. 2015); *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 913–15 (11th Cir. 2015); *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856–57 (11th Cir. 2013)); *see also Boggs v. Berryhill*, No. 8:18-cv-148-AEP, 2019 WL 1324620, at *3 (M.D. Fla. Mar. 25, 2019) ("[A]n ALJ appropriately evaluates a VA disability rating on its merits by providing 'specific reasons for discounting the VA's determination' and comparing the 'VA examiners' opinions, VA primary care provider opinions, and VA treatment records' with the other parts of the record.") (citing *Ostborg*, 610 F. App'x at 914; *Boyette*, 605 F. App'x at 779)).

Claimant argues that the ALJ erred in failing to provide an adequate explanation for rejecting the VA disability rating in this case. Doc. No. 16, at 19. He contends that although the VA and SSA use different processes for disability determinations, that is not a valid reason for rejecting the VA disability ratings. *Id.* at 20. Moreover, Claimant argues that although the ALJ wrote that the

VA may not have reviewed the same medical evidence as the ALJ reviewed, that "does not seem plausible" because most of the medical records available in this case are from the VA. *Id.* at 21. To the extent there were additional medical records post-dating the VA's decision, Claimant notes that the ALJ did not identify any specific findings in such records suggesting that Claimant's mental health symptoms had improved. *Id.* Finally, Claimant argues that the ALJ should not be able to reject a VA disability determination solely because the agency does not use vocational experts. *Id.* at 22.

In response, the Commissioner argues that each of the ALJ's reasons to give little weight to the VA disability determinations are supported by substantial evidence. *Id.* at 23–28. In particular, the Commissioner contends that the ALJ properly considered that: (1) the VA did not consider all of the record evidence that was before the ALJ; (2) the VA did not rely on vocational expert testimony (and even if this were error, any error would be harmless in this case); and (3) the standards employed by the two agencies are different, and the SSA is not bound by a disability determination by the VA. *Id.*

I find that the ALJ's explanation for providing little weight to the VA disability determination was insufficient. As discussed above, the ALJ's finding that the "different disability programs have different requirements," and that "the Social Security Administration is not bound" by a disability determination by the VA does not provide a sufficient basis to assign the VA disability determination little weight. *See Brown-Gaudet-Evans*, 673 F. App'x at 904.[6] The ALJ, instead, must provide specific reasons for discounting the VA's disability decision. *See id.* ("[T]he

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." (citing *Rodriguez*, 640 F.2d at 686)).

Moreover, the ALJ's explanation that there was "no indication that the VA reviewed all medical records reviewed by the undersigned or used a vocational expert" is also insufficient. To the extent that the ALJ indicated that he considered more and/or different records than were considered in conjunction with the VA disability rating, the ALJ failed to identify such records, explain how such records provided different evidence than that considered by the VA, or how those records lent support for rejecting the VA disability rating. *See, e.g.*, *Cronin v. Comm'r of Soc. Sec.*, No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *7 (M.D. Fla. Sept. 11, 2012) (finding ALJ erred in dismissing 100% VA rating in a single sentence "on the pretense that the VA did not have all of the records that she had"); *see also Jenkins v. Astrue*, No. 1:08-cv-251/MMP/MD, 2010 WL 1383702, at *7 (N.D. Fla. Mar. 8, 2010) ("A VA decision or disability decision must . . . be given consideration and great weight unless there is substantial record evidence to refute it, and if there is such evidence, the evidence must be discussed by the ALJ."), *report and recommendation adopted*, 2010 WL 1383714 (N.D. Fla. Apr. 6, 2010).

Likewise, I find that the ALJ's conclusory assertion that the VA did not use VE testimony to reach its disability determination, by itself, fails to support the ALJ's decision to reject the VA disability ratings. The ALJ fails to explain how the absence of VE testimony affected his conclusion regarding the VA disability rating or how that caused him to reject the other agency's disability determination. *Cf. McCray v. Saul*, No. 3:18-CV-642-SRW, 2019 WL 5541441, at *6 (M.D. Ala. Oct. 25, 2019) (finding that "generic conclusions . . . do not support the discounting of a VA disability determination").

Based on the foregoing, "the Court is unable to determine whether the ALJ gave appropriate consideration and weight to Plaintiff's VA disability ratings." *Boggs*, 2019 WL 1324620, at *4. Therefore, remand is required. "On remand, the ALJ is not required to give the VA's disability determination controlling weight"; but certainly he "must seriously consider and closely scrutinize the VA's disability determination" and "give specific reasons if [he] discounts that determination." *Beshia*, 328 F. Supp. 3d at 1348 (citing *Brown-Gaudet-Evans*, 673 F. App'x at 904)).

B. <u>ARNP Babuji</u>.

Because remand is required based upon Claimant's first assignment of error, it is unnecessary to review Claimant's remaining objection to the ALJ's decision regarding the opinion of Latha Babuji, ARNP. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Nonetheless, I note that in the decision, the ALJ only discussed ARNP Babuji's opinions in a Mental Impairment Questionnaire as follows:

> Latha [Babuji] an advanced registered nurse practitioner, stated in June 2017, at Exhibit 3F, that the claimant was diagnosed with PTSD and alcohol dependence, in remission. She found mild restrictions in activities of daily living, moderate restrictions in social functioning and maintaining concentration, persistence, or pace and one or two repeated episodes of decompensation. (Exhibit 3F) Little weight is accorded. Although Nurse [Babuji] treats the claimant, a nurse practitioner is not an acceptable medical source, and her opinion is not a medical source statement.

R. 49.

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). At the time Claimant applied for disability benefits, an ARNP was not an "acceptable medical source" under the applicable regulations. 20 C.F.R. §§ 404.1513(d) (2016); 416.913(d) (2016). Instead, an ARNP was considered an "other source," whose opinion was not entitled to any special

deference. *Id.*; *see Burton v. Comm'r of Soc. Sec.*, Case No. 6:16-cv-1209-Orl-37DCI, 2017 WL 9362923, at *7 (M.D. Fla. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4174314 (M.D. Fla. Sept. 21, 2017).[7] However, an ALJ could consider the opinion of an "other source" to show the severity of a claimant's impairment and how it affects the claimant's ability to work. 20 C.F.R. §§ 404.1513(d) (2016); 416.913(d) (2016). When considering opinion evidence from an "other source," an ALJ must use the same factors used to weigh the opinions from an acceptable medical source. SSR 06-03p, 2006 WL 2329939, at *4–5 (Aug. 9, 2006). "An ALJ generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a subsequent reviewer to follow the ALJ's reasoning when such opinions may have an effect on the outcome of the case." *Santiago v. Colvin*, Case No. 8:14-cv-2779-T-TBM, 2016 WL 7428217, at *6 (M.D. Fla. Mar. 31, 2016) (citations omitted).

As the foregoing demonstrates, and as Claimant argues, an ALJ may not reject an opinion from an "other source" solely because the person is not an "acceptable medical source." *See* SSR 06–03p, 2006 WL 2329939, at *3; *see also Williams v. Astrue*, No. 3:07-cv-501-J-HTS, 2008 WL 1930619, at *2 (M.D. Fla. Apr. 30, 2008) (noting that an "ALJ is not free to disregard the opinions of health care professionals simply because they are not medical doctors"); *Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) (finding it "improper and unreasonable" for an ALJ to completely reject the opinion of a treating physical therapist because the therapist was an "other source"). Accordingly, on remand, to the extent that the ALJ again concludes that the opinions of

---

[7] The term "acceptable medical source" is now defined by 20 C.F.R. § 404.1502(a) and § 416.902(a), which provides that a "Licensed Advanced Practice Registered Nurse" is an "acceptable medical source" for "impairments within his or her licensed scope of practice." 20 C.F.R. §§ 404.1502(a)(7); 416.902(a). However, these sections only apply to applications for disability benefits filed on or after March 27, 2017. *Id.*

ARNP Babuji are entitled to little weight, the ALJ should provide a reasoned explanation supporting that decision.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record